Shauck, J.
It is said by counsel for plaintiff in error that the original petition does not state a cause of action because the plaintiff seeks to recover for neglect by the Company of the duty of taking care of the roof of the mining room under his control, which duty section 6871, Revised Statutes, imposed, not upon the Company, but upon him. That view of the subject was taken in the court of common pleas in accordance with the doctrine of the Coal and Mining Co. v. Administrator of Clay, 51 Ohio St., 542, where, for reasons which need be neither" repeated nor extended, it was held that the policy established by this and related sections of the statute looking to the safety of those engaged in mines imposed the duty which was neglected in the present case upon *303 the miner in control of the room, and that the duty thus imposed upon him cannot he shifted to another.
The judgment of reversal rendered by the circuit court is said to be consistent with the case cited since the present case should be regarded as excepted from the operation of the statute because of the impracticability of propping the ropf of the room under the plaintiff’s control, the averment in that regard being: “that said unsafe and dangerous condition of said roof whs so near to the face of the wall of the coal where plaintiff had to perform his duties in cutting the same with said machine, that it could not be posted or propped, and made safe by the plaintiff while performing his duties in cutting the same; that said machine with which plaintiff had to work was eight or ten feet long and had to be worked across the entire working place. ”
The statute contains no term suggesting the intention that there should be an exception to its operation because of the presence of such conditions as are alleged. To introduce such an exception by construction would be an obvious attempt to avert the consequences of a supposed oversight on the part of the legislature; and the departure from safe rules of construction would not be excused by considerations leading to a clear conviction that the legislature did not deliberately intend to include the case presented within the provisions of the statute. The facts alleged to show that compliance with the statute was impracticable do not show more than that compliance with its provisions would have been attended with some inconvenience. For aught that appears, it would have been quite practicable either to remove from the roof of the room the slate which constituted the source of the danger or to prop the roof and *304 continue to mine with hand tools to such an extent as the presence of the props might have made necessary. To introduce the suggested exception would he the abrogation, rather than the construction, of the statute.
If inquiry should he extended beyond the requirements of the statute and the doctrine of the case cited, it might lead to the discovery of further reasons to justify the judgment of the court of common pleas. The petition shows that before the plaintiff sustained his injury he had actual knowledge of the dangerous condition of the roof and that he continued in the place of peril for no other reason than that the place was regarded as safe by one whose experience and knowledge upon the subject may have been less than his own.

Judgment of the circuit court reversed and that of the common pleas affirmed.

Davis, C. J., Price, Crew, Summers and Spear, JJ., concur.